People v Gilani (2023 NY Slip Op 50900(U))

[*1]

People v Gilani (Sana)

2023 NY Slip Op 50900(U) [80 Misc 3d 128(A)]

Decided on August 24, 2023

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 24, 2023
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P.
McCORMACK, JJ

2022-271 W CR

The People of the State of New
York, Respondent,
against
Sana Gilani, Appellant. 

Feldman and Feldman (Steven A. Feldman), for appellant.
Westchester County District Attorney (Shea Scanlon Lomma and Raffaelina
Gianfrancesco of counsel), for respondent.

Appeal from a judgment and purported judgments of the Justice Court of the Town
of North Castle, Westchester County (Elyse Lazansky, J.), rendered April 5, 2022. The
judgment convicted defendant, upon her plea of guilty, of criminal possession of a
controlled substance in the seventh degree, and imposed sentence.

ORDERED that so much of the appeal as is from the purported judgments of
conviction is dismissed; and it is further,
ORDERED that the judgment convicting defendant of criminal possession of a
controlled substance in the seventh degree is affirmed.
Defendant was charged in two separate informations with, respectively, criminal
possession of a hypodermic instrument (Penal Law § 220.45), a class A
misdemeanor, and criminal possession of a controlled substance in the seventh degree
(Penal Law § 220.03), a class A misdemeanor. Defendant pleaded guilty to criminal
possession of a controlled substance in the seventh degree and disorderly conduct (Penal
Law § 240.20 [7]) in satisfaction of the two accusatory instruments. At sentencing,
the Justice Court imposed a sentence of three years' probation only on the conviction of
criminal possession of a controlled substance in the seventh degree. The court's
certificate of disposition, however, states that defendant was convicted of [*2]criminal possession of a controlled substance in the seventh
degree and criminal possession of a hypodermic instrument and was sentenced to
probation on both offenses.
On appeal, assigned counsel submitted an Anders brief (see Anders v
California, 386 US 738 [1967]). Upon finding the existence of at least one possible
nonfrivolous issue that could be raised on appeal, this court held the appeal in abeyance
and new counsel was assigned to prosecute the appeal. New counsel has submitted a
brief arguing that, contrary to the certificate of disposition, defendant never pleaded
guilty to, or was sentenced upon, a conviction for criminal possession of a hypodermic
instrument.
" 'Conviction' means the entry of a plea of guilty to, or a verdict of guilty upon, an
accusatory instrument other than a felony complaint, or to one or more counts of such
instrument" (CPL 1.20 [13]). " 'Sentence' means the imposition and entry of sentence
upon a conviction" (CPL 1.20 [14]). "A judgment is comprised of a conviction and the
sentence imposed thereon and is completed by imposition and entry of the sentence"
(CPL 1.20 [15]). As defendant never pleaded guilty to criminal possession of a
hypodermic instrument and was not sentenced upon any alleged conviction of that crime,
so much of the appeal as is from the judgment purporting to convict defendant of
criminal possession of a hypodermic instrument must be dismissed. 
The People concede that the certificate of disposition erroneously states that
defendant was convicted of criminal possession of a hypodermic instrument and
sentenced to probation on that conviction when, in fact, she never pleaded guilty to that
crime. Defendant, if she be so advised, may request an amended certificate from the clerk
of the Justice Court.
A defendant must be sentenced on each charge of which he or she is convicted
(see CPL 380.20), "absent which there is no judgment of conviction from which
to appeal" (People v
Zebzda, 65 Misc 3d 132[A], 2019 NY Slip Op 51606[U], *2 [App Term, 2d
Dept, 9th & 10th Jud Dists 2019]). Here, the Justice Court only imposed sentence
on the conviction of criminal possession of a controlled substance in the seventh degree.
Thus, so much of the appeal as is from the purported judgment convicting defendant,
upon her plea of guilty, of disorderly conduct must be dismissed.
Defendant has set forth no independent claim of error as to her conviction of
criminal possession of a controlled substance in the seventh degree.
Accordingly, the judgment convicting defendant of criminal possession of a
controlled substance in the seventh degree is affirmed, and so much of the appeal as is
from the purported judgments of conviction is dismissed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 24, 2023